Filed 8/5/14  P. v. Vasquez CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | C074588 |
| v. | (Super. Ct. Nos. 12F04054 & 12F04621) |
| HUMBERTO MAGDELENO VASQUEZ, | |
| Defendant and Appellant. | |

Appointed counsel for defendant Humberto Magdeleno Vasquez asked this court to review the record and determine whether there are any arguable issues on appeal. (*People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).)  Our review of the record discloses that the amended abstract of judgment must be corrected to reflect the orally imposed sentence and reflect that all offenses were committed in 2012.  Finding no other arguable error that would result in a disposition more favorable to defendant, we will affirm the judgment.

1

# I

The victim was born in October 1999. She lived with her mother, her two younger sisters, her infant brother, and defendant, the mother's boyfriend of about five years. The victim shared a bedroom with her sisters.

One morning in March 2012, while the mother was at work, defendant asked the victim to stay home from school and babysit while defendant went to the bank. When the victim protested that she had to leave for school, defendant tried to lock her in her bedroom to prevent her from leaving. When a visitor departed from the house, the victim fled from the house and went to school. Defendant told the victim that he would tell the mother about the victim's departure, which was a half hour earlier than usual. Defendant did not touch the victim in any inappropriate manner during the incident.

The victim went straight to school. She told her friend that defendant had tried to lock her in her bedroom. The victim later told a forensic interviewer that defendant had locked her in the bedroom.

On a Sunday a couple of months later, the victim planned to attend an evening church service. While the mother was at work and the siblings were outside, the victim heard defendant locking the doors of the residence. Defendant then entered the victim's bedroom and locked the door. The victim asked why he was there and why he had locked the door, but he did not answer. Instead he pushed her onto the bed and told her to dress in sweat pants he had retrieved from a cabinet. The victim unlocked the door, went to a nearby bathroom, and dressed in the sweat pants.

When the victim returned to the bedroom she saw defendant closing the window blinds in the room. She asked why he was closing the blinds but he did not answer. Defendant closed and locked the bedroom door.

Defendant put the victim on the floor and removed her sweatpants and underwear. He then removed all of his clothing except a T-shirt. Defendant put his penis in the

victim's vagina and moved it back and forth. The victim noticed that she had become wet. Defendant stopped when the victim's uncle knocked on the door.

The victim subsequently told the forensic interviewer that, when told to remove her clothes, she did so inside a closet. She did not tell the interviewer that defendant's penis entered her vagina.

Two weeks after the first rape, the victim was home with her siblings and defendant. After the siblings went outside, defendant locked the victim in her bedroom and said that he would not let her leave the room unless she removed her clothes. When she refused, defendant removed her clothes. He put his penis in her vagina several times. She felt pain in her stomach area. He told her that if she did not stop moving, he would tie her up. She kept moving and he got off of her.

Defendant used a shirt and belt to tie the victim's hands and ankles. He picked her up off the floor, put her down on the bed, and put his penis back in her vagina. The victim felt pain and repeatedly told defendant to stop.

A knock at the front door caused defendant to stop. He untied the victim and apologized for what he had done. The victim unlocked the front door and her siblings entered the residence.

In an interview with police, the victim said she escaped from defendant when he tried to restrain her and that no sexual interaction between the two had occurred.

Because she was scared, the victim did not immediately tell anyone what had transpired. But on two occasions in late May 2012 and early June 2012, the victim told her mother that she did not want to be left alone with defendant. When the mother asked questions, the victim disclosed some of defendant's sexual conduct. The mother called the police and the victim told an officer what had happened.

After advisement and waiver of his constitutional rights, defendant told a Sacramento County Sheriff's detective that his conduct was the result of his use of crystal methamphetamine. Defendant claimed that, when he uses methamphetamine, he is

3

unable to have an erection. He claimed the victim removed all of her clothing. He got on top of her but was unable to have sex with her. The victim complained of being wet, but defendant did not recall having an orgasm. At another point, defendant recollected that "slimy water" came out of his penis and onto the victim's body.

A psychologist testified regarding child sexual abuse accommodation syndrome, which describes common behavioral characteristics of sexually abused children. Evidence was also presented of uncharged acts with the victim's younger sister. The sister described three incidents in which defendant fondled her and one incident in which he kissed her lips. The sister told her mother about the incidents.

A jury found defendant guilty of aggravated sexual assault (rape) of a child (Pen. Code, §§ 261, subd. (a)(2), 269, subd. (a)(1) -- counts one, three and five)[1] and forcible lewd acts with a child (§ 288, subd. (b)(1) -- counts two, four and six). The jury found true an allegation that defendant bound and tied the victim in the commission of count six. (§ 667.61, subds. (b), (e)(5) & (j)(2).)

The trial court sentenced defendant to 15 years to life on count one, a consecutive 15 years to life on count three, and a consecutive 25 years to life on count six. The trial court imposed sentences on counts two, four and five, but stayed those sentences pursuant to section 654. The trial court awarded 443 days of custody credit and 66 days of conduct credit, ordered defendant to make restitution to the California Victim Compensation and Government Claims Board in the amount of $3,780 plus an amount to be determined, and ordered him to pay a $10,000 restitution fine (§ 1202.4), a $10,000 parole revocation fine (§ 1202.45), a $240 court operations fee (§ 1465.8, subd. (a)(1)), a $180 court facilities assessment (Gov. Code, § 70373), a $340.01 booking fee and a $62.09 classification fee (Gov. Code, § 29550.2).

---

[1] Undesignated statutory references are to the Penal Code.

4

## II

Appointed counsel filed an opening brief setting forth the facts of the case and asking this court to review the record and determine whether there are any arguable issues on appeal.  (*Wende, supra,* 25 Cal.3d 436.)  Defendant was advised by counsel of the right to file a supplemental brief within 30 days of the date of filing the opening brief.  More than 30 days elapsed and we received no communication from defendant.

Our review of the record discloses that the amended abstract of judgment must be corrected to reflect the orally imposed sentence.  Specifically, the amended abstract must be corrected to indicate the following:  the sentence on count four is not consecutive, it is stayed pursuant to section 654; and the sentence on count six is not stayed pursuant to section 654, it is a consecutive sentence.  In addition, the amended abstract must be corrected to reflect that all of the offenses occurred in 2012.

Having undertaken an examination of the entire record, we find no other arguable error that would result in a disposition more favorable to defendant.

## DISPOSITION

The judgment is affirmed.  The trial court is directed to correct the amended abstract of judgment to indicate the following:  the sentence on count four is not consecutive, it is stayed pursuant to section 654; the sentence on count six is not stayed pursuant to section 654, it is a consecutive sentence; and all of the offenses occurred

in 2012.  The trial court shall deliver a certified copy of the corrected amended abstract of judgment to the Department of Corrections and Rehabilitation.


                                                                     MAURO            , J.

We concur:


                RAYE           , P. J.


                BUTZ           , J.